(C.D. 4231)

A. N. DERINGER, INC. *v.* UNITED STATES

443

United States Customs Court, Second Division

(Decided June 14, 1971)

*Barnes, Richardson & Colburn* (*Joseph Schwartz, James S. O'Kelly and Irving Levine* of counsel) for the plaintiff.

*L. Patrick Gray III*, Assistant Attorney General (*Frederick L. Ikenson* and *Urban S. Mulvehill*, trial attorneys), for the defendant.

Before RAO, Chief Judge, FORD and NEWMAN, Judges

NEWMAN, Judge: In these twenty-three consolidated protests the issue concerns the proper rate of duty on certain machines and parts imported from Canada during the period from July 10, 1959 to September 28, 1965, and entered at the ports of Champlain and Rouses Point, New York.

The merchandise was assessed with duty by the Government at various rates [1] under the provision for stock-treating parts for pulp and paper machinery in paragraph 356 of the Tariff Act of 1930, as modified, or in item 668.04 of the Tariff Schedules of the United States (TSUS).

Plaintiff claims that the merchandise is properly dutiable at various lower rates [2] under the provision covering machines and parts for making paper or paper pulp in paragraph 372 of said tariff act, as modified, or in items 668.00 or 668.06, TSUS.

---

[1] 17%, 15.5% or 13.5% ad valorem, depending upon the date of entry.
[2] 8.5%, 7.5% or 7% ad valorem, depending upon the date of entry.

With certain exceptions noted herein, the importations comprise machines and parts thereof for making pulp; and the issue is whether the articles are "stock-treating parts", as classified by the Government. The same issue was previously before this court in *A. N. Deringer, Inc.* v. *United States*, 56 Cust. Ct. 477, C.D. 2681 (1966), and the record of that case was incorporated into the record of the present case.

STATUTES INVOLVED

Classified under:

Paragraph 356 of the Tariff Act of 1930, as modified: [3]

Roll bars, bed plates, and all other stock-treating parts for pulp and paper machinery (not including paper or pulp mill knives) _____ * * *

Schedule 6, Part 4, Subpart D, Tariff Schedules of the United States:

| | | |
|---|---|---|
| 668.04 | Bed plates, roll bars, and other stock-treating parts for pulp or paper machines _____ | 13.5% ad val. |

Claimed under:

Paragraph 372 of the Tariff Act of 1930, as modified: [4]
Machines, finished or unfinished, not specially provided for:

> *       *       *       *       *       *       *
>
> Machines for making paper or paper pulp__          * * *
>
> *       *       *       *       *       *       *

Parts, not specially provided for, wholly or in chief value of metal or porcelain, of any article provided for in any item 372 of this Schedule:

> *       *       *       *       *       *       *
>
> Other * * *_____ The rate for the article of which they are parts.

Schedule 6, Part 4, Subpart D, Tariff Schedules of the United States:

Machines for making cellulosic pulp, paper, or paperboard; machines for processing or finishing pulp, paper, or paperboard, or making them up into articles:

| | | |
|---|---|---|
| 668.00 | Machines for making cellulosic pulp, paper, or paperboard_____ | 7% ad val. |
| | *       *       *       *       *       *       * | |

[3] T.D. 54108, T.D. 55615, T.D. 55816.
[4] *Ibid.*

Parts of the foregoing machines:

\*    \*    \*    \*    \*    \*    \*

Other:

668.06   Parts of machines for making cellulosic pulp, paper or paperboard___   ˉ 7% ad val.

## The Incorporated Case

In the earlier *Deringer* case, four items were before the court, namely: Cowan centrifugal pulp screens, screen plates, screen plate frames, and stock agitators. Those items were classified by the collector as stock-treating parts for pulp and paper machinery under paragraph 356, Tariff Act of 1930, as modified. There, plaintiff contended that the merchandise was properly dutiable as machines or parts thereof for making paper or paper pulp under paragraph 372 of said tariff act, as modified.

In *Deringer*, the court determined the function of each of the four items in the making of paper pulp or paper, and concluded that the screens, stock agitators and screen plate frames were not stock-treating parts for pulp and paper machinery, but rather were classifiable under paragraph 372, as claimed by plaintiff. The screen plates, however, were found to be stock-treating parts and accordingly were held dutiable under paragraph 356, as classified. Respecting the screen plate frames with screen plates appraised as entireties the court held the appraisements void, the liquidations premature, and the protest likewise premature. Consequently, that protest was dismissed insofar as it related to the screen plate frames with screen plates, and was remanded to a single judge for determination of separate dutiable values in pursuance of 28 U.S.C. § 2636(d).

Similarly the present case involves, among other articles, Cowan centrifugal pulp screens, screen plates, screen plate frames and agitators. Defendant has conceded plaintiff's claim respecting the complete centrifugal pulp screens, screen plate frames, stock agitators, and miscellaneous spare parts listed in Addendum I. Further, defendant has conceded that the protests covering screen plate frames with screen plates appraised as entireties (see Addendum II) should be dismissed and remanded to a single judge to determine the separate dutiable values of the screen plates and frames. Plaintiff, on the other hand, has abandoned its protests (see Addendum III) insofar as they involve screen plates, which were held in *Deringer* to be "stock-treating parts" under paragraph 356, as modified.

In view of our holding in the earlier *Deringer* case, defendant's concessions and plaintiff's abandonment, no further discussion of the legal issues pertaining to the merchandise in Addenda I, II, and III is required. Hence, the articles remaining in dispute upon which we shall now focus our discussion, come to these: parts for a bark press (protest 64/20600, entry 9562); "doctor blades" (protest 64/20600, entry 12); and rotor assemblies (see Addendum IV).

## Parts for Bark Press

Protest 64/20600 (entry 9562) covers merchandise invoiced as "wear strips and screws for bark press". A bark press is used for removing moisture from bark to prepare it for use as fuel. Although bark is first

removed from logs before they are used in the pulping process or for paper making, bark presses are not used for removing *bark*, but rather for removing *moisture* from the bark. The bark, after removal from the logs, is no longer involved in the process of making pulp or paper, but instead is merely a by-product of that process diverted into fuel production.

Defendant concedes that the wear strips and screws for the bark press were erroneously classified as stock-treating parts of pulp and paper machines. However, it is clear, too, that such parts are not parts of machines for making paper or paper pulp. Plaintiff has presented no argument to the contrary. Accordingly, protest 64/20600 is overruled respecting the parts for bark press, without affirming the classification.

### "Doctor Blades"

After the pulp mixture or stock[5] passes through the Cowan screen, the screened stock goes to another machine known as a "pulp thickener" or "decker". In the pulp thickener a portion of the liquid is removed from the stock, permitting a larger quantity in terms of weight to be stored in the available space within the pulp mill.

A pulp thickener consists of a cylinder forty-eight inches in diameter and of varying lengths. The cylinder has a perforated steel plate that is covered by a fine mesh wire known as a "cylinder mold". A cylinder mold is installed inside of a vat, the latter having dimensions somewhat larger than the size of the mold. The pulp mixture is fed into the vat, and gravity causes water to flow through the cylinder mold thereby depositing fibers on the fine mesh wire. As the mold rotates, it comes into contact with a "couch roll", which runs in the opposite direction to the cylinder mold. The couch roll lifts the mat of fibers off of the cylinder mold, and then the "doctor blade", which is in contact with the couch roll, scrapes the mat of fiber off of the couch roll. When the mold goes back into the pulp mixture in the vat, the wire is then free to permit more water to pass through and the subsequent deposition of fiber.

In short, we find that the "doctor blade" assists in separating the fiber and liquid components of the stock mixture in the pulp thickener.

Plaintiff offers no argument supporting its claim respecting the doctor blades. To buttress its position that the doctor blades are "stock-treating parts", defendant cites *Bird Machine Company* v. *United States*, 51 CCPA 42, C.A.D. 835 (1964). There, the appellate court held that a screen plate was a "stock-treating" part under paragraph 356 of the Tariff Act of 1930 on the basis that separation of the stock components is "stock-treatment". The court considered separation of the parts of the stock to be as much "treatment" of stock "as is any direct mechanical or chemical action on the coarse pulp, which is but one part of the stock". 51 CCPA at 50. In the present case, the record shows

---

[5] "Stock" is the mixture of water, coarse pulp and impurities of all kinds when present. *Bird Machine Company* v. *United States*, 51 CCPA 42, C.A.D. 835 (1964).

that the doctor blade works directly on the pulp fiber to separate it from the liquid, thus changing the form and composition of the stock. Consequently, we find that "doctor blades" are "stock-treating" parts, as contended by defendant.

## ROTOR ASSEMBLIES

The purpose of centrifugal screening is to remove or "screen out" the coarse or unusable portions of the pulp mixture. The rotor is one of the principal component parts of the Cowan centrifugal pulp screen. As raw stock in a liquid state enters the area of the screen where the rotor is located, the spinning rotor accelerates the "velocity" of the stock and creates a centrifugal force. Due to the varying specific gravities of the water, fiber, and tailings [6] the stock components separate. The stock moving through the cylindrical screen plates is thrown against the plates by the pressure of centrifugal force resulting from the spinning of the rotor. Usable fibers are forced through perforations in the screen plates, while the unaccepted portion of the stock is discharged through a "reject outlet". The foregoing process results in separating the stock fibers suitable for use in paper making from those unsuitable by reason of coarseness.

As the liquid portion of the stock passes through the screen plate, the stock contained inside the cylinder becomes increasingly thicker. To dilute the gradually thickening stock inside of the cylinder, water is injected into the stock through holes in the hollow shaft of the rotor. The watering function of the rotor maintains a density level in the stock which permits the usable fibrous material to pass through the holes in the screen plate. Thus, in essence, the dilution water counteracts the water lost through the screen plates.

Finally, the rotors have two baffles which act to restrict or retard the axial movement of the stock inside of the cylinder and thus minimize the rate of flow of stock out the reject outlet.

In our opinion, the rotors are stock-treating parts, as classified by the Government. Centrifugal screening of stock depends as much upon the function of the rotor as upon the screen plates, which were held in *Bird Machine and Deringer, supra*, to be stock-treating parts. Stated differently, screening requires the *direct* interaction of the spinning rotor and the stationary screen plates. The spinning rotor separates the stock components (due to their varying specific gravities), and centrifugal force drives the acceptable parts of the stock through the screen plates and the rejected material out of the reject outlet. Moreover, we have noted the fact that the rotor ejects water into the stock to dilute it.

---

[6] "Tailings" consist of wood particles, pieces of stone, or other foreign materials in the stock (R. 90).

We conclude that stock is "treated" in the Cowan screen by the combined action of the rotor and screen plate, and accordingly the rotor is a "stock-treating" part of the Cowan screen. Therefore, the protests listed in Addendum IV are overruled insofar as they cover rotors.

### FAILURE TO REQUEST RELIEF

Defendant contends that no relief was requested by plaintiff in protest 65/85 except for the screen plates and frames in entry 15224, and urges that this protest be deemed abandoned as to all other merchandise. We agree with such contention to the extent that no proof was adduced at the trial and no relief requested concerning entries 14787 and 16209. However, as to all other entries covered by that protest, we find that plaintiff has prosecuted its claim, except as to the screen plates, which claim was abandoned.

Defendant makes a similar contention respecting protest 65/22623. There, we find plaintiff has requested relief, but apparently overlooked that in entry 8201, the KX–300 screen was liquidated at the same rate claimed by plaintiff. Therefore, the protest must be dismissed insofar as the KX–300 screen is concerned. As to all other merchandise covered by the protest, we find that the only items abandoned were the screen plates.

### SUMMARY OF DISPOSITIONS

1. The protests listed in Addendum I are sustained as to the merchandise mentioned therein.

2. The protests listed in Addendum II, insofar as they cover screen plates and screen plate frames appraised as entireties, are dismissed and remanded to a single judge for a determination of the separate dutiable values of the screen plates and frames pursuant to 28 U.S.C. § 2636(d).

3. The protests listed in Addendum III were expressly abandoned or are deemed abandoned, insofar as they cover screen plates, and are hereby dismissed.

4. The protests listed in Addendum IV, insofar as they involve rotor assemblies, are overruled.

5. Protest 64/20600, entry 9562, covering "wear strips and screws for bark press" is overruled, without affirming the Government's classification.

6. Protest 64/20600, entry 12, covering "doctor blades" is overruled.

7. Protest 65/85 is dismissed respecting entries 14787 and 16209. Said protest is sustained insofar as entries 10564, 14424, and 15919 involve motor mounts, inlet end frames, and screen frames, which are parts of Cowan screens.

8. Protest 65/22623 is dismissed insofar as entry 8201 covers a KX–300 screen which was liquidated at the same rate as claimed in the protest. Said protest is sustained respecting the screen plate frames, pulp screens, inlet end frames, and agitators involved in entries 7877, 8524, 8525, 9194, 8201, and 16030.

9. Protest 65/19807, having been abandoned at the trial respecting entry F–14987 (which was liquidated at the rate of 7%) is dismissed as to that entry.

10. Protest 64/14361, entry F–9679, and protest 64/14357, entry 5058, are dismissed and remanded to a single judge for determination of the separate dutiable values of the screens, screen plates, and screen plate frames appraised as an entirety.

11. The protests are dismissed as to any merchandise not covered by 1 through 10 above.

Judgment will be entered accordingly.

ADDENDUM I

| Protest No. | Entry No. | Merchandise |
|---|---|---|
| 63/22280 | F–8944 | Inlet end frame for Mark "E" Cowan screen. |
| 64/12465 | F–6802 | K–400 and K–300 Cowan centrifugal pulp screens. |
| 64/14357 | F–5369 | Cowan stock agitator. |
| | F–3973 | Split covers for Cowan stock agitator. |
| | F–3881 | K–300 Cowan centrifugal pulp screens. |
| 64/14360 | F–13094 | Bottom agitator units, intermediate extension shafts, and upper shaft units. |
| 64/14361 | F–564 | K–400 Model L Cowan screen. |
| | F–9681 | K–300 Model L Cowan centrifugal pulp screen. |
| | F–9972 | Agitator unit. |
| | F–162 | Cowan pulp agitator. |
| | F–9680 | Cowan agitator. |
| | F–1968 | Model PSK–500 Cowan centrifugal pulp screens. |
| 64/14356 | 6721 | Split type guide bearing for Cowan stock agitator with micarta bearing strips. |

| Protest No. | Entry No. | Merchandise |
|---|---|---|
| 64/17901 | 7969<br>9439<br>9432 | Sleeves and other spare parts for KX–400 screen, Mark "E" screen and KX Junior screen. |
| 65/82 | 3390<br>4622 | Halves of steel couplings for agitators.<br>Adapters for K–400 and K–300 pulp screens. |
| 65/83 | F–5104<br>F–16763<br>F–368<br>F–564<br>F–616<br>F–5639 | Screen plate frames marked "A" and initialed "AHV."<br><br>KX–300 Cowan screen. |
| 65/4143 | F–2967<br><br>F–15779 | Covers for K–300 and K–400 centrifugal pulp screens.<br>Drive end frame for Mark "E" Cowan screen. |
| 65/4683 | F–5253<br>F–3424 | Screen plate frame.<br>Drive end frame. |
| 65/4692 | F–4689<br>F–3951<br>F–5918 | Motor sheave.<br>Screen plate frames.<br>Drive end frame and inlet end frame. |
| 65/12362 | F–8833 | Drive end frame. |
| 65/19804 | F–9889 | Screen plate frames. |
| 65/19807 | F–14170 | Screen plate frame. |
| 65/25838 | 3442 | Adaptors for inlet end and drive end. |
| 64/10851 | A–4370 | PSK–500 Cowan centrifugal pulp screen. |
| 65/16004 | A–737 | Drive end frame and inlet end frame for Cowan Mark "E" screen. |

## Addendum II

### Screen Plates and Frames Appraised as Entireties

| Protest No. | Entry No. |
| --- | --- |
| 64/10851 | A–4371 |
| 64/14361 | F–10461 |
| " | F–12664 |
| " | F–13027 |
| 65/83 | F–6489 |
| " | F–7287 |
| " | F–17242 |
| 65/85 | F–11604 |
| " | F–12413 |
| " | F–15224 |
| " | F–15343 |
| 65/4683 | F–4398 |
| " | F–3926 |
| 65/4692 | F–3949 |
| " | F–3950 |
| 65/8531 | F–8320 |
| 65/19804 | F–11141 |
| 65/22623 | F–7051 |
| " | F–8260 |

## Addendum III

### Screen Plates Only—Abandoned

| Protest No. | Entry No. |
| --- | --- |
| 64/12465 | F–351 |
| 64/14356 | 7593 |
| 64/17901 | 9473 |
| " | 8858 |
| 65/83 | F–5639 |
| 65/85 | F–14862 |
| 65/12362 | 8765 |
| " | 8782 |
| " | 8692 |
| 65/19807 | F–11889 |
| " | F–12238 |
| 65/25838 | 3896 |

The following protests also cover screen plates, but were omitted from the list of cases abandoned in plaintiff's brief.

| | |
|---|---|
| 65/82 | 4724 |
| 65/85 | F–15919 |
| 65/4692 | F–4689 |
| 65/8531 | F–6266 |
| 65/22623 | F–8201 |

Addendum IV

Rotor Assemblies

| Protest No. | Entry No. |
|---|---|
| 64/14357 | F–3888 |
| 64/14360 | F–6224 |
| " | F–14560 |
| 64/14361 | F–1581 |
| 65/83 | F–7690 |
| 65/85 | F–16012 |
| 65/12364 | F–10696 |
| 65/22623 | 8349 |
| " | 8650 |
| " | 9419 |
| " | 16178 |